IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Leo McClam, | ) | C/A No.: 3:13-2860-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Dr. NFN Reddy, et al.; Ms. Eloise NLN; | ) | |
| Ms. Judy Depree; Ms. Makeia NLN; | ) | REPORT AND RECOMMENDATION |
| Mr. Livingston NFN Officer; Ms. | ) | |
| Barbara NLN, social worker; Dr. NFN | ) | |
| Cross; and Dr. Cross NLN, in their | ) | |
| personal and individual capacities | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Leo McClam, proceeding pro se and in forma pauperis, brings this civil action against employees at the Columbia Care Center (collectively "Defendants").[1] [Entry #1 at 2].  Pursuant to the provisions of 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.  For the reasons that follow, the undersigned recommends the district judge dismiss the amended complaint in this case without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Plaintiff filed an unsigned complaint on October 21, 2013, alleging that he is being held illegally because "the detainer hold was lifted" on February 14, 2013.  [Entry #1 at

---

[1]   The Columbia Care Center, also known as Geo Care and/or Just Care, is a private detention healthcare facility located in Columbia, South Carolina.  *See* http://www.geocarellc.com/Locations/ColumbiaRegionalCareCenter.aspx (last visited December 6, 2013).

3].  The remaining two claims are nearly illegible, but appear to assert that Defendants have forced Plaintiff to take medication.  *Id.* at 2–3.  The complaint seeks a declaratory judgment, monetary damages, and termination of Defendants' employment for falsely detaining Plaintiff.  *Id.* at 5.  On October 29, 2013, the court issued an order directing Plaintiff to sign the complaint and clearly state his claims.  [Entry #7 at 2].  Plaintiff responded to the proper form order by submitting a signed document adding three defendants to this case, which has been docketed as an amended complaint.[2]  [Entry #9].  However, Plaintiff failed to provide a legibly written statement of claim.

II.    Discussion

    A.    Standard of Review

    Plaintiff filed this amended complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

---

[2]  To give liberal construction to the pleadings, Plaintiff's original complaint has been appended to his amended complaint as an attachment.  [Entry #9-1].

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

Plaintiff does not expressly reference the Constitution and its Amendments in this case. However, Plaintiff names Defendants who appear to be employees of the facility in which Plaintiff is detained. Therefore, Plaintiff's pleadings have been construed as a complaint filed pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In addition, a plaintiff must affirmatively show that a defendant acted personally in the

deprivation of his constitutional rights.  *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

### 1.    Negligence is not cognizable under § 1983

Plaintiff alleges "medical neglect" as an issue he is attempting to litigate.  [Entry #1 at 2].  However, the law is well-settled that such a claim is not actionable under § 1983.  *See Daniels v. Williams*, 474 U.S. 327, 335–36 n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (*Daniels* bars an action under § 1983 for negligent conduct).  Therefore, any negligence claim asserted by Plaintiff is subject to summary dismissal.

### 2.    Insufficient factual allegations to state a claim under § 1983

Plaintiff fails to provide any personal allegations against the individuals listed in this case.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").  Further, Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although the court must liberally construe a pro se complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim.  *See Iqbal*, 556 U.S. at 677−78; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  *Iqbal*, 556 U.S. at 678−79; *Twombly*, 550 U.S. at 570.  The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions.  *Iqbal*, 556

U.S. at 679; *Twombly*, 550 U.S. at 555.  Despite being allowed an opportunity to do so,

Plaintiff has provided no factual support for his bare allegations of forced medication and

illegal detention.     Therefore, Plaintiff's amended complaint is subject to summary

dismissal.  *See Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994) (affirming district court's

dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical

on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (affirming dismissal of

complaint which "failed to contain any factual allegations tending to support [plaintiff's]

bare assertion").

III.     Conclusion and Recommendation

        For the foregoing reasons, it is recommended that the amended complaint be

dismissed without prejudice and without issuance and service of process.

        IT IS SO RECOMMENDED.

December 6, 2013                                         Shiva V. Hodges
Columbia, South Carolina                                United States Magistrate Judge

        **The parties are directed to note the important information in the attached
        "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).